EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ángel L. Rivera Santiago<br><br>Peticionario<br><br>vs.<br><br>Municipio de Ceiba<br><br>Recurrido | Certiorari<br><br>2007 TSPR 80<br><br>170 DPR _____ |

Número del Caso: CC-2005-1027

Fecha: 3 de mayo de 2007

Tribunal de Apelaciones:

Región Judicial de Fajardo

Juez Ponente:

Hon. Carmen A. Pesante Martínez

Abogado de la Parte Peticionaria:

Lcdo. Josué Daniel De León Rodríguez

Abogado de la Parte Recurrida:

Lcdo. Antonio Bauza Torres

Materia: Revisión Procedente del Tribunal de Instancia

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángel L. Rivera Santiago

    Peticionario

        vs.                      CC-2005-1027      Certiorari

Municipio de Ceiba

    Recurrido

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 3 de mayo de 2007.

El Municipio de Ceiba (en adelante, el Municipio) recurre de una sentencia del Tribunal de Apelaciones que declaró nulo el Reglamento de la Policía Municipal de Ceiba y todos los actos proscritos en virtud del mismo, por no haberse cumplido con lo dispuesto en la Ley de Municipios Autónomos. En vista de que el proceso de reglamentación del Cuerpo de la Policía Municipal se rige por la Ley Núm. 19 de 12 de mayo de 1977, según enmendada, denominada "Ley de la Policía Municipal" y no por la Ley de Municipios Autónomos, revocamos la sentencia recurrida.

I.

El señor Ángel Rivera Santiago (en adelante, Rivera Santiago) se desempeñaba como policía municipal del Municipio de Ceiba. Luego de aproximadamente siete (7) años de servicio, el Municipio le notificó[1], mediante carta, la decisión de destituirlo de forma inmediata de su puesto por alegadamente haber incurrido en faltas graves, según estas se describen en el Reglamento de la Policía Municipal de Ceiba, aprobado por la Ordenanza Municipal Núm. 18 de 8 de junio de 1999 (en adelante, Reglamento de la Policía Municipal).

En respuesta a esa misiva, Rivera Santiago solicitó una vista administrativa ante un oficial examinador externo. En su comparecencia, cuestionó la validez del Reglamento y solicitó se decretase su nulidad *ab initio* por no haberse cumplido el requisito de radicación ante el Departamento de Estado y la Biblioteca Legislativa, según lo exige la Ley de Procedimiento Administrativo Uniforme (en adelante, la L.P.A.U.) Sostuvo que tal deber era aplicable a los reglamentos de personal municipal en

---

[1] De dicha notificación surgen los hechos que dieron lugar a la sanción disciplinaria y que transcribimos a continuación:

> En el mes de junio 2004 [Rivera Santiago] visitó el negocio "Bungaloo Liquor Store" ubicado en el centro comercial Cuita Soto en la Avenida Lauro Piñero Piñero 110, Ceiba PR, perteneciente al señor Joel O. Díaz Ávila. Durante esa visita [Rivera Santiago] le pidió prestado la cantidad de $30.00 dólares y a cambio le entregó su Licencia de Portación de Armas como Policía Municipal, expedida por el Superintendente de la Policía.

virtud del Artículo 12.002, renumerado como el Artículo 11.002, de la Ley de Municipios Autónomos, que establece que los procesos reglamentación y adjudicación con respecto al personal municipal estarán sujetos a las disposiciones de la L.P.A.U. 21 L.P.R.A. § 4552. En apoyo a su alegación, presentó una certificación del Departamento de Estado que hacía constar que, al presente, el Municipio no había radicado ante dicho departamento el Reglamento de la Policía Municipal. Por consiguiente, solicitó que se dejase sin efecto la destitución decretada en su contra.

Por su parte, el Municipio sostuvo que los gobiernos municipales estaban exentos de cumplir con las disposiciones de la L.P.A.U. en virtud de la exclusión expresa incluida en la sección 1.3 de dicha ley, 3 L.P.R.A. § 2102. En adición, adujo que el Reglamento de la Policía Municipal no es aplicable al personal municipal, por lo que no está sujeto al Artículo 11.002 de la Ley de Municipios Autónomos, *supra*. Sostuvo que, por el contrario, el proceso de reglamentación de la Policía Municipal se rige exclusivamente por las disposiciones de la Ley Núm. 19 del 12 de mayo de 1997, 21 L.P.R.A. § 1061 et seq., según enmendada, denominada Ley de la Policía Municipal (en adelante, Ley de la Policía Municipal) de la cual no surge el requisito de radicación ante el Departamento de Estado ni ningún otro de los que se establecen en la L.P.A.U. Lo único que se

exige para la validez del reglamento es que éste haya sido aprobado y ratificado por el Superintendente de la Policía Estatal.

Antes de culminar los procesos administrativos, Rivera Santiago acudió al Tribunal de Apelaciones por tratarse de una controversia de derecho en la que se impugnaba la validez de un reglamento adoptado sin observar los requisitos de ley. El Tribunal de Apelaciones asumió jurisdicción y decretó la nulidad *ab initio* del reglamento por no haberse dado cumplimiento a los requisitos para el proceso de reglamentación que dispone la L.P.A.U., en particular el requisito de radicación ante el Departamento de Estado. Acto seguido, el foro intermedio ordenó la restitución de Rivera Santiago a su puesto de policía Municipal y el pago de los salarios y beneficios dejados de devengar mientras duró la suspensión indebida[2].

Insatisfecho, el Municipio acude ante nos mediante el recurso de epígrafe. En éste, reitera su argumento en cuanto a que el Reglamento de la Policía Municipal no se rige por el procedimiento dispuesto en la L.P.A.U.

---

[2] Debemos señalar que después de haberse presentado este recurso ante nosotros, otro panel del Tribunal de Apelaciones resolvió esta misma controversia sosteniendo la validez del reglamento impugnado. En Sgto. Manuel González Rodríguez v. Municipio de Ponce, 2006 WL 2645224, se resolvió que el art. 12.002 de la Ley de Municipios Autónomos va dirigido al personal civil y no a la policía municipal. Además, allí se determinó, que las reglas dirigidas a la administración interna de la agencia no requieren cumplir con los procedimientos de la LPAU.

Sostiene que el Tribunal de Apelaciones erró al decretar la nulidad del Reglamento de la Policía Municipal por no haberse radicado ante el Departamento de Estado, y al decretar la restitución inmediata de Rivera Santiago.

II.

De entrada, debemos examinar la aplicabilidad de las disposiciones de la L.P.A.U. a los gobiernos municipales. La L.P.A.U. se centra en aquellos organismos que controlan y regulan las operaciones administrativas del gobierno. Se refiere a las llamadas agencias administrativas que son parte de la rama ejecutiva del gobierno. Demetrio Fernández Quiñónez, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, segunda edición, pág. 9. La sección 1.3 de la L.P.A.U. define de forma amplia lo que constituye una agencia y, acto seguido, excluye las entidades que no están sujetas a sus disposiciones. En ese listado se encuentran los **gobiernos municipales o sus entidades o corporaciones**. 3 LPRA § 2102. Así pues, la propia L.P.A.U. exime a los municipios de cumplir con sus requisitos y procedimientos. Por tanto, de existir una obligación por parte de los municipios de observar el procedimiento de reglamentación dispuesto en la L.P.A.U., en particular el deber de radicar los reglamentos ante el Departamento de Estado y la Biblioteca Legislativa, tiene que surgir de otra disposición legal. Veamos.

Sobre este extremo, el Artículo 11.001 de la Ley de Municipios Autónomos, *supra*, que forma parte del capitulo dirigido al **personal municipal**, dispone que los procedimientos de reglamentación y adjudicación con respecto al **personal municipal** estarán sujetos a las disposiciones de la L.P.A.U. Así pues, se establece una excepción a la sección 1.3 de la L.P.A.U., *supra*, que excluye a los gobiernos municipales y a sus entidades o corporaciones del alcance de la ley.

Sin embargo, resulta pertinente señalar que la obligación de observar los requisitos de la L.P.A.U. en los procesos de reglamentación se limita exclusivamente a los reglamentos relacionados con el personal municipal y no a todo proceso de reglamentación llevado a cabo por el Municipio. En vista de ello, debemos resolver si el proceso de reglamentación de la Policía Municipal se rige por lo dispuesto en el Artículo 11.002 para el personal municipal o si, por el contrario, es el tipo de reglamento que no debe remitirse a la L.P.A.U. para su aprobación. Para llegar a una conclusión a tales efectos, es preciso determinar si a los miembros de la Policía Municipal les aplica la normativa de personal contenida en la Ley de Municipios Autónomos, 21 L.P.R.A. 4551 et seq., que es precisamente de donde único surge tal obligación.

III.

El inciso (m) del Artículo 3.009 de la Ley de Municipios Autónomos establece la facultad del alcalde para diseñar, formular y aplicar un sistema de administración de personal para el municipio, **de acuerdo con las disposiciones de este subtitulo–** refiriéndose a la Ley de Municipios– y de los reglamentos adoptados en virtud del mismo. 21 L.P.R.A. 4109. Así, cada municipio establecerá un sistema autónomo para la administración del personal municipal que se regirá por el principio del mérito y deberá ser cónsono con las guías que prepare la "Oficina de Recursos Humanos del Estado Libre Asociado de Puerto Rico." Artículo 11.001, 21 L.P.R.A. 4551. La ley ordena la adopción de un reglamento uniforme de administración de personal que contenga un Plan de Clasificación de Puestos y de Retribución Uniforme, un sistema de reclutamiento, selección y reglamentación sobre adiestramiento. *Id*. A esos fines, se incluyen una serie de disposiciones que especifican la estructura, composición, estado legal, clasificación de puestos y retribución del personal, entre otras cosas. En particular, se incorpora la obligación de sujetar los procedimientos de reglamentación y adjudicación del personal municipal a la L.P.A.U. Artículo 11.002 de la Ley de Municipios Autónomos. *supra*.

De otra parte, en una disposición separada se establece la facultad del municipio de "organizar y

sostener un cuerpo de policías municipales en **conformidad con lo establecido en la secs. 1061 et seq. de este título, conocidas como "Ley de la Policía Municipal".** Artículo 2.004(d), 21 L.P.R.A. 4054 (énfasis suplido). La Ley de la Policía Municipal fue aprobada con el fin de autorizar a los municipios a crear un organismo civil de orden público denominado policía municipal, que actuara en estrecha coordinación con la policía estatal, y a determinar todo lo relativo a su organización, funcionamiento, dirección y administración. En particular, con relación a la administración de los recursos humanos, la propia ley dispuso que **"se regirá por lo dispuesto en este capítulo y la reglamentación que en virtud de la misma se adopte."** Sección 3, 21 L.P.R.A. § 1063. Advertimos que la propia Ley de la Policía Municipal dispone que todo lo relacionado con el personal del cuerpo estará sujeto a sus disposiciones.

En adición, la sección 7, 21 L.P.R.A. § 1067, de la Ley de la Policía Municipal faculta al alcalde para determinar mediante reglamento emitido por el gobierno municipal y **"de conformidad con lo dispuesto en este capítulo"**, las normas de ingreso, reingreso, adiestramiento, cambios, ascensos y otros, mediante un sistema de exámenes, evaluación e investigación similar al de la policía estatal. La ley dispone que la ubicación y las funciones de los miembros del cuerpo se harán conforme a un sistema uniforme de rangos. Sección 4, 21

L.P.R.A. 1064. Las normas así incluidas deben ser cónsonas con los requisitos establecidos mediante reglamento por el Departamento de la Policía. *Id*. Tanto es así, que se establece que los candidatos que no sean admitidos a la policía estatal por no haber aprobado los requisitos de ese cuerpo, no podrán solicitar ingreso al cuerpo de la Policía Municipal. *Id*. Por otro lado, la ley incluyó todo lo relacionado con las acciones disciplinarias como resultado de las faltas cometidas por los policías municipales.

Por tanto, del lenguaje claro y contundente de la propia Ley de Municipios Autónomos surge que la organización y sostenimiento de la policía municipal, que incluye todo lo relativo a la administración de su personal, se rige por lo establecido en la Ley de la Policía Municipal, 21 L.P.R.A. 1061 et seq. Dicho de otro modo, la fuente legal para la administración del personal municipal es distinta a la que rige la administración de la policía municipal. Por otro lado, nos percatamos de que ambas piezas legislativas contemplan esquemas uniformes para la administración de su propio personal. Así, la Ley de Municipios Autónomos, *supra*, dispone para la adopción de un reglamento uniforme para atender los diferentes aspectos relacionados al personal municipal, mientras que la Ley de la Policía Municipal ordena, por ejemplo, la adopción de un sistema uniforme de rangos. Claramente, el cuerpo de la Policía Municipal, por su

naturaleza y funciones, no puede formar parte del sistema uniforme que cobija al resto del personal municipal.

Por otro lado, observamos una tendencia del legislador a distanciar los procesos aplicables a los policías municipales de los que gobiernan al resto del personal municipal. Mediante la Ley Núm. 238 del 3 de agosto de 2000, se le concedió jurisdicción exclusiva a la Comisión de Investigación, Procesamiento y Apelación para resolver las apelaciones interpuestas en acciones disciplinarias contra un miembro de la policía municipal. En esa misma ley se establece de forma detallada el proceso de apelación y los derechos que asisten a los apelantes. Por otro lado, en el Artículo 11.002 de la Ley de Municipios Autónomos, *supra*, se establece que el organismo apelativo del personal municipal será la Junta de Apelaciones del Sistema de Administración de Personal Municipal, hoy conocida como Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público.

De hecho, recientemente nos pronunciamos sobre la relación entre la Ley de Municipios Autónomos, *supra*, y la Ley de la Policía Municipal, *supra*, en el contexto de un proceso disciplinario contra un policía municipal. En *López v. Municipio de San Juan,* res. el 20 de abril de 2006, 2006 TSPR 64, señalamos que "…entre las facultades conferidas al Alcalde por el referido estatuto [Ley de Municipios Autónomos] se encuentra la autoridad general

de imponer acciones disciplinarias a los empleados del Municipio. **No obstante, el esquema configurado por la Asamblea Legislativa para atender la indisciplina de los policías municipales no surge de esta última pieza legislativa, sino de la Ley Núm. 19, según ha sido enmendada…**[e]stamos, pues, ante un ordenamiento jurídico particular que no fue suplido por la Ley de Municipios Autónomos." Así pues, resolvimos que los casos de indisciplina de los policías municipales se rigen por la normativa contemplada en la Ley de la Policía Municipal, *supra*. No vemos razón para que otro sea el resultado en los procesos de reglamentación dirigidos a los miembros de la Policía Municipal; sobretodo, cuando el lenguaje de la Ley de Municipios Autónomos, *supra*, es claro y preciso en cuanto a que la organización y sostenimiento del Cuerpo de Policías Municipales se rige por la Ley de la Policía Municipal, *supra*, y ésta, a su vez, dispone que todo lo relacionado a la administración de los recursos humanos se regirá por lo allí dispuesto.

Sobre el proceso de reglamentación de la policía municipal, la Ley de la Policía Municipal, *supra*, reconoció la facultad del alcalde de promulgar un reglamento con el fin de determinar, entre otras cosas, las obligaciones, responsabilidades y conducta de sus miembros. Asimismo, estableció un **proceso específico y detallado** para su aprobación. A tales efectos dispuso que:

"El Superintendente de la Policía Estatal ratificará el reglamento en un término no mayor de (60) días. Cuando el reglamento no sea ratificado por el Superintendente, éste tendrá que exponer las razones y acciones correctivas para que el mismo pueda ser ratificado. El Alcalde tendrá un término no mayor de 30 días para introducirle enmiendas al reglamento y someterlo al Superintendente para su ratificación. La legislatura municipal aprobará en un término no mayor de (30) días y con el voto de dos terceras (2/3) partes de sus miembros, el reglamento que someta el alcalde para estos propósitos. Disponiéndose, que hasta tanto dicho reglamento no sea aprobado y ratificado por el Superintendente, no podrá entrar en vigor el Cuerpo denominado como Policía Municipal. El Alcalde queda autorizado para introducir enmiendas al reglamento siguiendo las mismas normas y procedimientos anteriormente establecidos para la aprobación del mismo…" 21 L.P.R.A. 1065.

Es de notar que el ordenamiento antes discutido confiere gran participación e intervención al Superintendente de la Policía Estatal en el proceso de reglamentación de la policía municipal. Tanto es así, que la ley requiere de su ratificación[3] para la validez del reglamento promulgado. Entendemos que tal requisito se incluyó con el fin de asegurar cierta uniformidad entre los cuerpos de la policía municipal y la policía estatal.

En vista de lo anterior, consideramos que el proceso contemplado en la sección 5 de la Ley de la Policía

_____

[3] Es pertinente señalar que el requisito de ratificación por el Superintendente de la Policía fue introducido mediante enmienda en el año 1996, luego de la vigencia de la L.P.A.U. y de la Ley de Municipios. En otras palabras, nuestra conclusión a los efectos de que la Ley de la Policía Municipal es la que rige en cuanto a los procedimientos aplicables a la policía municipal se fortalece ante este hecho.

Municipal, *supra*, no puede sustituirse por otro dirigido al resto del personal municipal. No podemos incorporar requisitos establecidos en otra ley ni omitir aquellos que el legislador quiso incluir, con el efecto final de alterar el esquema contemplado por el legislador. Resolvemos, pues, que el proceso de reglamentación de la policía municipal se rige por lo dispuesto en la Ley de la Policía Municipal, *supra*, y no por el Artículo 11.002 de la Ley de Municipios Autónomos, *supra*. Lo anterior como consecuencia de que el Cuerpo de la Policía Municipal se rige por un ordenamiento particular según lo exige la propia Ley de Municipios Autónomos, *Id.*, y la Ley de la Policía Municipal, *supra*.

A la luz de lo anterior, examinemos la validez del Reglamento de la Policía Municipal de Ceiba, *supra*, y de las acciones tomadas contra el policía municipal Rivera Santiago al amparo del mismo.

IV.

En virtud de la facultad conferida al alcalde para promulgar todo los reglamentos que estime necesarios para la administración de la Policía Municipal[4], **y siguiendo el proceso de reglamentación establecido en la sección 5 de la Ley de la Policía Municipal**[5], *supra*, se promulgó el

---

[4] Del propio Reglamento surge la autoridad legal conferida al alcalde en virtud de la Ley de la Policía Municipal y no de la Ley de Municipios.

[5] Del expediente surge la ratificación por el Superintendente de la Policía, Pedro Toledo Dávila, con fecha del 4 de septiembre de 1998 y la Ordenanza Núm. 18

Reglamento de la Policía Municipal de Ceiba, *supra*, para establecer un conjunto de normas éticas con el fin de guiar la conducta de los integrantes del cuerpo. Así, se expresó en el preámbulo la necesidad de establecer una normativa dirigida exclusivamente a la policía municipal para determinar la organización específica del cuerpo, las responsabilidades de los integrantes y los requisitos específicos para los nombramientos, entre otras cosas.

Conforme a lo anterior, se estableció un procedimiento para la tramitación de faltas. En específico, se enumeraron las faltas de naturaleza grave y el trámite aplicable para atenderlas. Asimismo, en el Artículo VIII se incluyeron las sanciones disciplinarias a tomarse en caso de un incumplimiento, como la expulsión, la degradación o la suspensión sin sueldo por un periodo que no excederá de tres (3) meses. Tales sanciones se ajustan a lo autorizado por la Ley de la Policía Municipal. Sección 10, 21 L.P.R.A. § 1070.

Al amparo de la facultad conferida y de conformidad con el proceso contemplado para la tramitación de faltas graves, el Comisionado de la Policía Municipal de Ceiba recomendó la destitución del policía municipal Rivera Santiago por la comisión de cuatro faltas graves según descritas en el Artículo VIII Reglamento de la Policía Municipal. Tal acción estuvo enmarcada dentro de las facultades conferidas por el Reglamento de la Policía

---

aprobada por la Asamblea Municipal de Ceiba el 8 de junio de 1999.

Municipal y al amparo de un Reglamento válido por haberse promulgado siguiendo el proceso dispuesto en la  Ley de la Policía Municipal.

V.

En conclusión, revocamos la Sentencia del Tribunal de Apelaciones que declaró nulo el Reglamento de la Policía Municipal de Ceiba y todos los actos proscritos en virtud del mismo. Al hacerlo, resolvemos que los cuerpos de la Policía Municipal, incluyendo el de la Policía Municipal de Ceiba, se rigen por el ordenamiento provisto en la Ley de la Policía Municipal, *supra*.

Se dictará Sentencia de conformidad.


                                        Federico Hernández Denton
                                             Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ángel L. Rivera Santiago

    Peticionario

       vs.                        CC-2005-1027      Certiorari

Municipio de Ceiba

    Recurrido

SENTENCIA

San Juan, Puerto Rico, a 3 de mayo de 2007.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la Sentencia del Tribunal de Apelaciones que declaró nulo el Reglamento de la Policía Municipal de Ceiba y todos los actos proscritos en virtud del mismo. Al hacerlo, resolvemos que los cuerpos de la Policía Municipal, incluyendo el de la Policía Municipal de Ceiba, se rigen por el ordenamiento provisto en la Ley de la Policía Municipal, *supra*.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo